## MOORE v. VANDERHIDER.

### No. 10908.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1939.

J. Dixie Smith, of Houston, for appellant. No Brief filed herein for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, sitting without a jury, wherein, after overruling the appellant's general demurrer to the appellee's petition, to which the former excepted, it went further and heard the cause on its merits, pursuant to the pleadings, evidence, and arguments of counsel, with both sides participating, entering in epitome this final decree: "It is, therefore, ordered, adjudged, and decreed by the court that the plaintiff, G. I. Vanderhider, do have and he is hereby awarded judgment against the defendant, Jno. T. Moore, quieting the plaintiff's title and removing therefrom the cloud cast upon the same, by a certain abstract of judgment in the sum of $250.00 principal, together with interest and costs of court set out therein, as recorded in Vol. H, Page 230, of the Judgment-lien records of Wharton County, Texas, and described and referred to in the plaintiff's petition filed herein, of and concerning that tract of land situated in Wharton County, Texas, being Lot No. Ten (10) in Block No. Twenty-one (21), of the Oil City Addition to the Town of Boling, Wharton County, Texas, described in plaintiff's petition."

The sole complaint appellant makes here, through several propositions, is that the trail court erred in so overruling his general demurrer, the rationale of them all being that the appellee's petition did not state a good cause of action for the relief so awarded him, in that it nowhere alleges either "that the appellant ever recovered a judgment against the appellee, or that the lien recorded was under the appellant's judgment."

The contention will be overruled; giving the petition in suit the benefit of every

reasonable intendment, it is thought to have sufficiently stated a good cause of action for the relief so given; it, in substance, charged (1) that appellee on October 1, 1938, was the owner of the lots of land in the town of Bolding, was entitled to and was actually in possession thereof, and was using the same as his homestead; (2) that on June 30, 1931, the appellant "filed a purported Abstract of Judgment in the judgment-lien records of Wharton County, Texas, in Vol. H, page 230, of the Judgment-lien records of Wharton County, Texas, for the sum of $250.00 principal, with interest thereon from May 9, 1931, until paid at 6% per annum, together with the sum of $14.00 costs of suit; the said judgment purporting to fix a lien upon said land and premises,—then and now, and continuously since, the homestead of plaintiff and his family, and is wholly void and ineffective as a lien on said land because of the facts herein alleged. (3) The said pretended lien constitutes a cloud on the title of plaintiff to his said land."

It is true the pleading does not specifically recite the judgment to have run in favor of the appellant against the appellee, or that the lien recorded was under such a judgment, but those details are clearly legitimate inferences from what was alleged.

Without further discussion, an affirmance will be entered.

Affirmed.